**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MIKE AVILA, TRUSTEE AND BRICKLAYERS | ) | |
| PENSION FUND, INTERNATIONAL PENSION | ) | |
| FUND AND INTERNATIONAL WELFARE FUND, | ) | No. 1:14-cv-963- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| INDIANA REFRACTORIES, INC., an Indiana for-profit | ) | |
| domestic corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendant, **INDIANA REFRACTORIES, INC**., as follows:

**COUNT I**

1.      (a)      Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S. C. Section 185(a) as amended.

2.      Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3.      (a)      The Plaintiffs in this count are MIKE AVILA, TRUSTEE AND BRICKLAYERS

PENSION FUND, INTERNATIONAL PENSION FUND AND INTERNATIONAL WELFARE

FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)      The Funds have been established pursuant to collective bargaining

agreements previously entered into between the Bricklayers and its affiliated locals (the

"Union") and certain employer associations whose employees are covered by the collective

bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant, **INDIANA REFRACTORIES, INC. ("INDIANA")** is an Indiana for profit domestic corporation and is doing business within this Court's jurisdiction.

(b)     **INDIANA** is an employer engaged in an industry affecting commerce.

5.     Since November 17, 2004, **INDIANA** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A", current agreement attached).

6.     By virtue of certain provisions contained in the collective bargaining agreements, **INDIANA** is bound by the Trust Agreement establishing the Funds.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **INDIANA** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. **INDIANA** is also liable for late charges and interest on tardily submitted reports.

8.     Plaintiffs are advised and believe that for **January 1, 2010 through December 31, 2013, INDIANA** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal

statutes.  Defendant owes for the **Bricklayers Local Funds $25,125.57 benefits and $2,512.55 liquidated damages for a total amount due of $27,638.12**.  Defendant owes for the **Bricklayers International Funds $34,386.29 benefits, $6,877.28 liquidated damages, $18,918.47 interest on contributions, $18,918.47 additional interest for a total amount due of $79,100.51**.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.    Judgment be entered on any amount found to be due on the audits for **Bricklayers Local Funds for $27,638.12, and Bricklayers International Funds for $79,100.51**.

B.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C.    **INDIANA** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**MIKE AVILA, TRUSTEE AND BRICKLAYERS OF INDIANA, et al.**

By: s/Donald D. Schwartz
    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415